IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LAURA ROSE CAMPOS,                          09-CV-1130-BR

            Plaintiff,                      OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


RICHARD A. SLY
1001 S.W. Fifth Avenue
Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2531

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Laura Rose Campos seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed her applications for SSI and DIB on March 6, 2006, and alleged a disability onset date of

2 - OPINION AND ORDER

June 21, 1999.  Tr. 23, 124-31.[1]  The applications were denied
initially and on reconsideration.  An Administrative Law Judge
(ALJ) held a hearing on April 8, 2009.  At the hearing, Plaintiff
was represented by an attorney.  Plaintiff and a VE testified.
Tr. 36-69.

The ALJ issued a decision on May 6, 2009, in which she found
Plaintiff was not entitled to benefits.  Tr. 23-35.  Pursuant to
20 C.F.R. § 404.984(d), that decision became the final decision
of the Commissioner on July 28, 2009, when the Appeals Council
denied Plaintiff's request for review.  Plaintiff appealed the
decision of the Commissioner to this Court.

<u>BACKGROUND</u>

Plaintiff was born on December 16, 1952.  Tr. 45.  Plaintiff
was 56 years old at the time of the hearing.  Plaintiff has a
college degree and approximately one year of law school.
Tr. 341, 422.  Plaintiff has past relevant work experience as an
information clerk and traffic/parking assistant.  Tr. 34.

Plaintiff alleges disability due to "head and back injury,
blurred vision, [and] memory problems."  Tr. 150.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the

---

[1]  Citations to the official transcript of record filed by
the Commissioner on February 10, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the
medical evidence. *See* Tr. 28-31.


## **STANDARDS**

The initial burden of proof rests on the claimant to
establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

5 - OPINION AND ORDER

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout*, 454 F.3d at
1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity. *Stout*,
454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p at
*1.  In other words, the Social Security Act does not require
complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's

RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 21, 1999.  Tr. 25.

At Step Two, the ALJ found Plaintiff has the severe impairments of a back injury and diabetes.  Tr. 25.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 27.  The ALJ found Plaintiff has the RFC to perform "a range of light work," to lift and to carry up to 35 pounds occasionally and ten pounds frequently, to stand and to walk for four hours in an eight-hour work day, and to sit for eight hours in an eight-hour work day.  Tr. 27.

At Step Four, the ALJ concluded Plaintiff is capable of performing her past relevant work.  Tr. 34.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) did not find all of Plaintiff's impairments to be severe at Step Two, (2) found Plaintiff not to be credible, (3) improperly rejected lay-witness testimony, (4) did not include all of Plaintiff's limitations in her evaluation of Plaintiff's RFC, and (5) did not

include all of Plaintiff's limitations in the hypothetical to the
VE.

**I.    The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout*, 454 F.3d at
1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A
severe impairment "significantly limits" a claimant's "physical
or mental ability to do basic work activities." 20 C.F.R.
§ 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability
to do basic work activities is defined as "the abilities and
aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a),
(b). Such abilities and aptitudes include walking, standing,
sitting, lifting, pushing, pulling, reaching, carrying, handling,
seeing, hearing, speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

As noted, the ALJ found Plaintiff had the severe impairments
of a back injury and diabetes. Plaintiff asserts the ALJ erred
at Step Two when she did not find Plaintiff's alleged mental and
physical impairments of neck pain and headaches to be severe.

The Ninth Circuit has held when the ALJ has resolved Step

Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor). Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes the alleged error in failing to identify any other alleged impairments as severe was harmless.

**II.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give specific reasons supported by the record for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and

convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ determined Plaintiff's testimony as to the
"disabling severity of her symptoms" was not credible and noted
the medical record contains ample evidence to support his
conclusion that Plaintiff was malingering and/or "magnifying" or
exaggerating her symptoms.  Tr. 32, 437, 464.  For example, Luke
Patrick, Ph.D., examining psychologist, opined Plaintiff has "a
high degree of disability conviction" and "appears to
underestimate the capabilities she has with regard to memory."
Tr. 321.  Similarly, S. David Glass, M.D., examining
psychiatrist, noted "malingering is likely," and Plaintiff's
"history reflects a psychological need to see . . . [medical]
practitioners as a way of dealing with her emotional needs, and
she becomes dependent; if she improves, for example, she loses
the relationship with the practitioner so she cannot allow
herself to improve."  Tr. 465, 469.

Based on this record, the Court finds the ALJ did not err
when she rejected Plaintiff's testimony as to the "disabling
severity of her symptoms" because the ALJ provided legally

sufficient reasons based on substantial evidence in the record for doing so.

### III. ALJ did not err when she rejected the lay-witness testimony of Jeff Champion.

Plaintiff contends the ALJ erred when she rejected the lay-witness testimony of Plaintiff's friend, Jeff Champion.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout,* 454 F.3d at 1054.

Here the ALJ gave "limited weight" to the testimony and written statement of Jeff Champion. Even though the ALJ found Champion's observations to be "generally credible," the ALJ viewed his statements as to Plaintiff limitations and symptoms "with caution" because they were "inconsistent with the objective medical evidence regarding the severity of Plaintiff's impairments." Tr. 32-33. For example, Champion indicated in his written statement that Plaintiff "constantly has thoughts of suicide," but Plaintiff regularly denied to her treating and

12 - OPINION AND ORDER

examining physicians that she had suicidal thoughts.  Similarly,
Champion stated Plaintiff was not able to absorb information, but
Plaintiff scored in the average to high-average range in her
mental-status testing, and Dr. Luke opined Plaintiff functioned
within the normal range for understanding and remembering
instructions.  Tr. 33.  Donald E. Lange, Ph.D., examining
psychologist, opined Plaintiff's higher cognitive processes
functioned from average to superior.  Tr. 33.

Accordingly, the Court concludes the ALJ did not err when
she rejected the lay-witness testimony because she provided
legally sufficient reasons based on substantial evidence in the
record for doing so.

**IV.  The ALJ did not err when she rejected the opinion of
Dr. Lange, examining psychologist.**

Plaintiff contends the ALJ erred when she rejected
Dr. Lange's opinion that to "learn effectively," Plaintiff "needs
to be alerted and given the opportunity for repetition and time
for consolidation as well as being provided with some strategies
or cues to aid her recall."  Tr. 346.

The ALJ gave "some weight" to Dr. Lange's opinion that
Plaintiff's "higher cognitive processes functioned adequately
ranging from average to superior[,] . . . her mental arithmetic
was within the average range . . . [and she has] no difficulties
with visual fields or hearing."  Tr. 347.

An ALJ may reject an examining or treating physician's

13 - OPINION AND ORDER

opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

The ALJ noted a number of other examining physicians had opinions that were inconsistent with Dr. Lange's opinion as to Plaintiff's mental impairments. For example, the ALJ noted Diane Pierce, Ph.D., examining psychologist, pointed out that Plaintiff had "marked inconsistencies" in her performance on neuro-psychological tests "that are not typical of a mild concussion. They generally reflect varying degrees of motivation/effort and/or varying levels of anxiety." Dr. Pierce did not observe any changes in Plaintiff's affect or body language that suggested a marked increase in anxiety. Tr. 602. In addition, Dr. Pierce noted Plaintiff had "striking inconsistencies in [her] performances on various tests of concentration and 'working memory'" that are not typical of a mild concussion. Tr. 601-02. The ALJ also noted Dr. Glass concluded Plaintiff's "memory impairment appear[s] to be highly selective." Tr. 464.

14 - OPINION AND ORDER

Dr. Glass noted Plaintiff's MMPI-2 was "very abnormal" and
indicated Plaintiff was "exaggerating her symptoms" and
"highlighting an over focus on somatic symptoms."  Tr. 464.
Charles G. Bellville, M.D., examining psychiatrist, found
Plaintiff did not demonstrate any "obvious difficulties
associated with immediate recall or short-term memory."  Tr. 570.
Dr. Bellville noted Plaintiff did not have any "deficits of
memory, concentration, judgment, or other cognitive factors."
Tr. 571.  Dr. Bellville opined "[i]t may be that somatic
complains have gained [Plaintiff] satisfaction of emotional
needs, which she has been unable to meet in other ways" and
assessed her with a GAF "in the 70 range or so."[2]  Tr. 572.

     The ALJ noted Dr. Patrick, examining psychologist, concluded
Plaintiff's intellectual functioning was in the average to high-
average range.  Tr. 321.  Dr. Patrick found Plaintiff "presented
as more cognitively intact and capable than she described
herself."  Tr. 320.  Dr. Patrick opined Plaintiff has a "high
degree of disability conviction . . . [and] underestimate[s] the

---

     [2] The GAF scale is used to report a clinician's judgment of
the patient's overall level of functioning on a scale of 1 to
100.  A GAF of 61-70 indicates "[s]ome mild symptoms (*e.g.*,
depressed mood and mild insomnia) or some difficulty in social,
occupational, or school functioning (*e.g.*, occasional truancy, or
theft within the household), but generally functioning pretty
well, has some meaningful interpersonal relationships."
*Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV)
31-34 (4th ed. 2000).  A GAF of 71-80 indicates "[i]f symptoms
are present, there are transient and expectable reactions to
psycho-social stressors.  *Id.*

capabilities she has with regard to memory."  Tr. 321.

On this record, the Court concludes the ALJ did not err when she rejected Dr. Lange's opinion that Plaintiff, to "learn effectively, . . . "needs to be alerted and given the opportunity for repetition and time for consolidation as well as being provided with some strategies or cues to aid her recall" because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**V.    The ALJ did not err in her assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ erred in her assessment of Plaintiff's RFC because the ALJ failed to include any limitation based on Dr. Lange's opinion that Plaintiff, to "learn effectively, . . . needs to be alerted and given the opportunity for repetition and time for consolidation as well as being provided with some strategies or cues to aid her recall." Tr. 346.

Because the Court has found the ALJ properly rejected this portion of Dr. Lange's opinion, the Court concludes the ALJ did not err when she did not include any limitation based on that portion of Dr. Lange's opinion in her assessment of Plaintiff's RFC.

**VI. The ALJ posed a sufficient hypothetical to the VE.**

Plaintiff contends the ALJ did not pose an adequate hypothetical to the VE because the ALJ failed to include

16 - OPINION AND ORDER

Plaintiff's limitations based on Dr. Lange's opinion that Plaintiff "needs to be alerted and given the opportunity for repetition and time for consolidation as well as being provided with some strategies or cues to aid her recall."  Because the Court concludes on this record that the ALJ did not err when she failed to include this the limitation in this part of Dr. Lange's opinion when assessing Plaintiff's RFC, the Court also concludes the ALJ did not err when she did not include that limitation in her hypothetical to the VE.

<u>**CONCLUSION**</u>

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of December, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER